SLIP OPINION



Cite as 2013 Ark. App. 670

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-13-382

|  |  |
|---|---|
| | **Opinion Delivered** November 13, 2013 |
| TEJAS PATEL, NILU T. PATEL, and BALU PATEL | |
| APPELLANTS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FIRST DIVISION |
| V. | [NO. CV-09-56] |
| | HONORABLE JAMES LEON JOHNSON, JUDGE |
| LAWYERS TITLE INSURANCE CORPORATION | |
| APPELLEE | REVERSED AND REMANDED |

**ROBIN F. WYNNE, Judge**

Tejas Patel, Nilu T. Patel, and Balu Patel appeal from an order of the Pulaski County Circuit Court granting summary judgment to Lawyers Title Insurance Corporation. We reverse and remand for further proceedings.

In 2004, appellants purchased property in Pulaski County from Lee Kierre and Martha Kierre and received a warranty deed to the property. The survey of the property that was used by the parties was one that had been prepared in August 2003. As part of the transaction, the Kierres purchased a policy of title insurance from Lawyers Title Insurance Corporation for the benefit of appellants. The policy insured title in fee simple to property having the following legal description:

> Part of the Northwest Quarter Northeast Quarter of Section 22, Township 3 North, Range 13 West, lying South of I-40 Highway, in Pulaski County, Arkansas, described as beginning at the Southwest corner of said NW1/4 NE1/4 of Section 22; thence

South 89 degrees 11 minutes East, 264.81 feet; thence North 00 degrees 47 minutes 12 seconds West, 110.3 feet to a point on the Southerly right of way of Longfisher Road; thence Northwesterly along the Southerly right of way of Longfisher Road around a curve to the right having a chord of North 67 degrees 09 minutes 54 seconds West, 281.44 feet to a point on the West line of said NW1/4 NE1/4 of Section 22; thence South 1 degree 02 minutes West, 215.8 feet to the Point of Beginning.

The policy also stated that appellants were not insured against loss from "[r]ights or claims of parties in possession, boundary line disputes, overlaps, encroachments, and any other matters not shown by the public records which would be disclosed by an accurate survey and inspection of the land described." Appellants declined survey coverage.

In 2007, Tejas Patel hired Marlar Engineering to perform a survey of the property in connection with a proposed hotel development. The 2007 survey determined that appellants owned less property than was reflected on the 2003 survey. The discrepancy was the result of a grant of additional right of way to the Arkansas State Highway Commission (ASHC) by Edward A. Long and Lilly Mae Long, the Kierres' predecessor in title, in 1961. That grant is reflected by a warranty deed recorded on April 20, 1961.

On February 13, 2009, appellants filed a complaint against appellee. In the complaint, appellants alleged that appellee had insured fee simple title in a portion of the property that had previously been deeded to ASHC. Appellants further alleged that the prior deed had decreased the value of the property by $75,000. They requested judgment in that amount, plus a twelve-percent penalty, interest, costs, and attorney's fees.

Appellee filed a motion for summary judgment on May 2, 2012. In its motion, appellee argued that the property description identifies the northern boundary of the property as the southern boundary of the right of way and, as such, the location of the right of way

2

takes precedence over any conflicting courses and distances in the property description. Appellee also asserted that recovery under the policy was barred because of the policy exclusion listed above and the waiver of survey coverage by appellants. Following a hearing on the summary-judgment motion, the trial court entered an order granting summary judgment in favor of appellee. This appeal followed.

Summary judgment is to be granted by a trial court only when it is clear that there are no genuine issues of material fact to be litigated, and the moving party is entitled to judgment as a matter of law. *Benton Cnty. v. Overland Dev. Co.*, 371 Ark. 559, 268 S.W.3d 885 (2007). Once a moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Id.* On appeal, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of its motion leave a material fact unanswered. *Id.* This court views the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* Our review is not limited to the pleadings, as we also focus on the affidavits and other documents filed by the parties. *Id.* After reviewing undisputed facts, summary judgment should be denied if, under the evidence, reasonable persons might reach different conclusions from those undisputed facts. *Id.*

We hold that summary judgment was not proper in this case because there remains at least one genuine issue of material fact to be litigated. It is not disputed by the parties that the southern boundary of the right of way was located in a particular position until the 1961 grant

from the Longs to ASHC when the boundary of the right of way shifted. The property description contained in the contract between the parties references the right of way. However, there is an inherent ambiguity in the property description that precludes summary judgment.

Language is ambiguous when there is doubt or uncertainty as to its meaning or it is fairly susceptible of two interpretations. *Am. Investors Life Ins. Co. v. Butler*, 76 Ark. App. 355, 360, 65 S.W.3d 472, 475 (2002). The disputed portion of the property description states: "thence Northwesterly along the Southerly right of way of Longfisher Road around a curve to the right having a chord of North 67 degrees 09 minutes 54 seconds West, 281.44 feet to a point on the West line of said NW1/4 NE1/4 of Section 22." There are two possible interpretations of the description. The description could be read, as appellee suggests, to state that the southerly right of way of Longfisher Road constitutes the northern boundary of the property. The description could also be read, however, such that the reference to the Longfisher Road right of way is not meant to establish it as the northern boundary of the property but is rather meant as an aid in determining the northern boundary, which appellants assert runs along a preexisting county road right of way that the pre-1961 boundary followed. This makes it possible to read the description so that there is no conflict between the right of way and the courses and distances. This constitutes an unresolved question of fact as to what property was intended to be covered under the title-insurance policy.

Reversed and remanded.
GLOVER and VAUGHT, JJ., agree.
*Eichenbaum Liles P.A.*, by: *Christopher O. Parker*, for appellant.
*Friday, Eldredge & Clark, LLP*, by: *Bruce B. Tidwell*, for appellee.